UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMIE LEE CHANNER,

        Movant,

                                       File No.  1:07-CV-58

v.

                                       HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

_____/

## O P I N I O N

        This matter comes before the Court on Movant Jamie Lee Channer's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court.

### I.

        On November 10, 2005, Channer pled guilty to transporting a minor interstate with the intent of engaging the minor in sexual activity, in violation of 18 U.S.C. § 2423(a). Channer was sentenced on February 28, 2006, to 120 months in prison. *United States v. Channer*, Case No. 1:05-CR-152 (W.D. Mich.).  Channer did not appeal his conviction or sentence.  On January 22, 2007, Channer filed this § 2255 petition.  Channer claims that counsel was ineffective because he withheld crucial evidentiary medical reports from the evaluating psychologist that would have resulted in a more mitigating evaluation and a more lenient sentence.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'"  *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).  Non-constitutional errors are generally outside the scope of § 2255 relief.  *United States v. Cofield*,  233 F.3d 405, 407 (6th Cir. 2000).  A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'"  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either 1) "cause" and "actual prejudice" or 2) "actual innocence."  *Massaro v. United States*, 538 U.S. 500, 504 (2003);  *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456

U.S. 152, 167-68 (1982).  An ineffective assistance of counsel claim, however, is not subject to the procedural default rule.  *Massaro*, 538 U.S. at 504.  An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.  *Id.*

A court is not required to hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.  Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial.  *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

In order to make out his claim of ineffective assistance of counsel Channer must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced him.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Id.* at 686.

Prior to entering his guilty plea Channer was evaluated by a psychologist who determined that Channer was mentally competent and able to understand the nature and consequences of the proceedings against him.  (Docket # 34).  Thereafter Channer moved for an order finding him competent to proceed.  (Docket # 40).  The Magistrate Judge who

took the plea found that Channer was fully capable and competent to enter an informed plea. (Docket # 47).  The Court approved and adopted the Report and Recommendation.  (Docket # 49).

Channer does not challenge the competency finding in his § 2255 petition.  Instead, he alleges that counsel was ineffective because he withheld medical reports from the evaluating psychologist that would have resulted in a more mitigating evaluation and a more lenient sentence.  Channer did not identify the medical reports with any specificity in his § 2255 petition.  However, his reply, as amended, indicates that the medical records at issue are the records he has attached from the North Texas State Hospital.  (Docket #'s 15, 16, 17, Ex. A-Q).

In response to Channer's § 2255 petition the government has provided an affidavit from defense counsel explaining that defense counsel did not obtain the Texas medical records until after Channer had entered his guilty plea.  Kent Aff. ¶ 7(H).  Once he received the records defense counsel forwarded them to the presentence investigator for her review and consideration in preparing the Presentence Investigation Report.  (Kent Aff. ¶ 7(J)).  Channer's early history of mental illness, which is reflected in the Texas medical records, was summarized in the presentence report (PSI ¶¶ 94-99), addressed by defense counsel in his sentencing memorandum (Sent. Mem. 3-7), considered by this Court, and resulted in the Court's recommendation to the Bureau of Prisons that Channer receive long-term treatment

4

to address his personality disorder, alcohol and substance abuse assessment and treatment, and sexual abuse counseling.  (Docket # 61).

In light of this undisputed evidence, it is clear that defense counsel did not withhold the Texas medical records from the evaluating psychologist.  He simply did not have them at that time.  It is also clear that the Texas medical records were considered by the Court before sentencing.  Accordingly, Channer cannot show that counsel's failure to provide the Texas medical records to the evaluating psychologist fell below an objective standard of reasonableness, nor can he show that but for this failure his sentence would have been more lenient.

In conjunction with his § 2255 petition Channer has filed several additional motions. The Court will deny his motion for hearing because the files and records in this case conclusively show that Channer is entitled to no relief under § 2255.  The Court will deny his motion for assistance of counsel because it does not appear that counsel is necessary to the proper presentation of his position.  The subject matter of Channer's  motions for psychiatric evaluation and transfer are not cognizable under § 2255 because they are not claims "to be released" or "to vacate, set aside or correct sentence."  28 U.S.C. § 2255.  *See also United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995) ("The plain language of § 2255 provides only prisoners who claim a right to be released from custody an avenue to challenge their sentences.").  Neither do the cited statutory provisions, 18 U.S.C. §§ 4243, 4244, 4247, provide a prisoner in the custody of the Bureau of Prisons authority to move in federal court

for a psychiatric evaluation or for an order transferring him to a different prison facility. Accordingly, Channer's motions for psychiatric evaluation and transfer to a psychiatric facility will be denied.

For the reasons stated herein, Channer's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.  An order consistent with this opinion will be entered.

Date:    July 20, 2007             /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE